# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TONYA ROSS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 06-CV-0018-CVE-SAJ |
| JASON PITTINGER, RUDY GARCIA, BRANDON MADDUX, and DOUGLAS NELSON, | ) |
| Defendants. | ) |

## OPINION AND ORDER

Now before the Court is the Complaint (Dkt. # 2) filed by plaintiff Tonya Ross under 42 U.S.C. § 1983 for violations of her constitutional rights. She sues defendant Jason Pittinger, as a principal of Union Public Schools ("UPS"), and defendants Rudy Garcia, Brandon Maddux, and Douglas Nelson, as varsity basketball coaches of UPS.

The Court has a duty to examine a complaint for subject matter jurisdiction. The Federal Rules of Civil Procedure state in pertinent part:

> Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court *shall* dismiss the action.

Fed. R. Civ. P. 12(h)(3) (emphasis added). While plaintiff attempts to establish federal question jurisdiction under 28 U.S.C. § 1331, the Court finds such jurisdiction is lacking.

Plaintiff is the natural mother and guardian of Antonio Ross ("Antonio"), who was a freshman at UPS at the time of the alleged constitutional violation. Plaintiff alleges that defendants violated her Fourteenth Amendment right to manage and control her child when they invited Antonio to practice with the varsity basketball team without her permission. She contends that "school districts and coaches who instruct, encourage or simply allow students to participate in

sporting events without first obtaining parental consent have violated the parents' Constitutional right to manage and control their children." Dkt. # 2, at 4. According to plaintiff, Antonio slipped on a wet basketball court during varsity practice and broke his leg. Plaintiff requests damages because she has "incurred medical expenses and has lost the experience of watching her son play basketball for at least one season." Dkt. # 2, at 2. First, her tort claim to recover medical costs from Antonio's slip and fall does not confer federal question jurisdiction. Second, as there is no constitutional right to play sports, see Angstadt v. Midd-West School Dist., 377 F.3d 338, 344 n.2 (3rd Cir. 2004), there certainly is no constitutionally protected right to watch sports.

To support her federal claim, plaintiff directs the Court's attention to Santosky v. Kramer, 455 U.S. 745 (1982), in which the Supreme Court discussed the fundamental liberty interest of parents in the care, custody, and management of their children as protected by the Fourteenth Amendment. Id. at 753. However, Santosky held that natural parents have a constitutional right to due process at a state-initiated parental rights termination proceeding, id. at 754, which is not at issue here.

The Court has determined, sua sponte, that dismissal of plaintiff's section 1983 claim against defendants is warranted for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).

**IT IS THEREFORE ORDERED** that plaintiff's complaint is hereby **dismissed without prejudice**.

**DATED** this 18th of January, 2006.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT